DAWSON v. CITY OF HOUSTON.
(No. 330.)

(Court of Civil Appeals of Texas. Beaumont. March 8, 1918.)

MASTER AND SERVANT ☞150(2)—SAFE PLACE TO WORK—DANGERS INCIDENT TO WORK.

One employed by a city to remove rubbish, etc., from street gutters cannot recover from the city for injury received when in such work he sprained his ankle by stepping on a three-cornered brick in the gutter, which turned over; the brick being such an obstruction as he was hired to remove, so that the city owed him no duty of warning.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Action by B. F. Dawson against the City of Houston. From judgment for defendant, plaintiff appeals. Affirmed.

Dowell & Dowell, of Houston, for appellant.

HIGHTOWER, C. J. This suit was filed by appellant, Dawson, in one of the district courts of Harris county, to recover damages for personal injuries alleged to have been sustained in consequence of negligence on the part of the appellee, the city of Houston. The material allegations in appellant's petition were substantially as follows:

Appellant's duties, under his employment with the city, were to clean out and straighten one of the gutters paralleling one of the streets of the city of Houston, and, among other things, this contemplated that trash, rubbish, and other obstructions which had gotten in the gutter were to be removed by appellant; and the petition alleges that on the occasion of the alleged injury, when appellant stepped down from the edge of the gutter to the bottom for the purpose of the discharge of his duties, he stepped on a three-cornered brick that was in this gutter, and his foot turned to one side, and his ankle was severely sprained. He alleges that he did not know that this brick was in the gutter, and that he had not been warned by appellee that the brick was in the gutter, and further alleges that by reason of the presence of the brick in the gutter, it was a dangerous place to work, and that it was negligence on the part of appellee to permit this brick to be in the gutter, and also negligence on appellee's part in failing to warn appellant that the brick was in the gutter. We think this substantially states the material allegations in plaintiff's petition as to the claim of negligence on the part of appellee. Defendant answered by general demurrer, several special exceptions, and a general denial. The trial court sustained the general demurrer interposed by appellee, and several of the special exceptions, unnecessary to mention here, and appellant duly excepted, and has properly perfected his appeal. The only question for our determination is whether the trial court erred in sustaining the general demurrer, and we have concluded that it did not.

It is apparent from the petition, we think, that it was contemplated that appellant should discover and remove from the gutter whatever trash or other accumulations that might be in the gutter which might constitute an obstruction, including the piece of brick, the presence of which in the gutter is made the basis of the claim of negligence in this case, and we cannot see how it can be reasonably contended by appellant that appellee was guilty of negligence toward him simply because it employed him to clean out this gutter, and remove obstructions found therein while doing so, which must include the piece of brick complained of. It certainly is but a reasonable deduction to say that it was the duty of appellant to discover and remove from the gutter any and all character of trash, débris, or other material that might be found therein, constituting an obstruction to the gutter, and certainly it was not expected that appellee should tell appellant, in minute detail, just what was in the gutter in the way of obstructions, or to warn him that he might be injured on a piece of brick while in the discharge of his duties in the gutter.

This disposes of appellant's contention as made in substance by his first proposition. The second assignment of error raises practically the same question as the first, which challenges the correctness of the trial court's action in sustaining the general demurrer, and the main contention under the second assignment of error we quote as follows:

"It is the duty of a municipal corporation to use reasonable care to construct and maintain their streets and sidewalks in such manner and condition as will permit the use thereof in the customary way in the exercise of due, reasonable, or ordinary care, without endangering the safety of those thus using them."

That this is a correct proposition of law in the abstract we might concede, but we cannot admit that it has any application in this case. The fact of the matter is, it is shown by appellant's petition that he, among others, was employed by appellee to do one of the things which it was the duty of appellee to do as a municipal corporation, all of which, however, was for the protection of the public in using the streets, etc., of the city. We have no hesitancy in saying that the appellant's petition stated no cause of action against appellee, and that the trial court was correct in sustaining the general demurrer.

The judgment of the trial court is therefore affirmed.